(58 South. 686.)

No. 19,012.

BROCK v. SATCHELL.

MORRIS v. BROCK.

(May 6, 1912.)

*(Syllabus by the Court.)*

1. TAXATION (§ 764*) — TAX TITLES—VALIDITY OF TAX DEED.

A tax collector's deed which fails altogether to describe the property of the tax debtor will not convey title to the tax debtor's property. H. F. Lewis & Co., Limited, v. Richard Brock, 123 La. 1, 48 South. 563.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1519–1522; Dec. Dig. § 764.*]

2. TAXATION (§ 810*)—TAX TITLES—ACTION TO CONFIRM—EVIDENCE.

A judgment in favor of plaintiff against defendant, confirming a tax title to real estate, will be reversed on appeal, where plaintiff fails to offer his title in evidence, or competent evidence to prove title.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1605–1608; Dec. Dig. § 810.*]

3. EVIDENCE (§ 158*)—BEST AND SECONDARY EVIDENCE—TITLE TO REAL PROPERTY.

Oral evidence is incompetent to prove title to real estate, where plaintiff declares upon an existing written act of sale.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 472–473, 474½–504, 506–526; Dec. Dig. § 158.*]

Appeal from Civil District Court, Parish of Orleans; F. D. King, Judge.

Action by Richard Brock against Charles Satchell or former owners, and action by Mrs. Elizabeth S. Morris against Richard Brock. From a judgment for plaintiff in each action, the defendants, respectively, appeal. Judgment in the first action reversed, and in the second action affirmed.

M. J. Cunningham and P. D. Olivier, for Morris. H. M. Ansley, for Brock.

SOMMERVILLE, J. The first of these two suits, which have been consolidated, was brought by Mr. Brock to have a tax title, under Act No. 82 of 1884, confirmed, and to have him declared the owner of certain real estate. He made Charles Satchell or his heirs defendants, and had them cited through a curator ad hoc.

There was judgment in his favor, from which judgment Mrs. Elizabeth S. Morris, as the sole surviving heir of her father and mother, Mr. and Mrs. Charles Satchell, prosecutes this appeal, as a party in interest. She was not a formal party to the suit in the trial court; but she assigns in this court certain errors appearing on the face of the record, and she asks for a reversal of the judgment appealed from.

The judgment will be reversed.

[1–3] The plaintiff, Richard Brock, was the defendant in a suit by H. F. Lewis & Co., Limited, to compel him to take the title referred to. He made a pretense of refusing the title on various grounds, and which we sustained in 123 La. 1, 48 South. 563. Notwithstanding the judgment in his favor, Mr. Brock accepted the title from H. F. Lewis & Co., Limited, and then filed the suit, asking for a judicial confirmation of the title which we had just judicially declared to be invalid, null and void. The curator ad hoc, whom he had appointed to represent the real owner of the property, filed an answer, in which he denied the title of his principal. On the trial, plaintiff did not produce and file a copy of the title which he was asking to have confirmed. He did not file the title which he had acquired from H. F. Lewis & Co., Limited. He offered no competent evidence whatever to prove title to real estate. His only offers of evidence, as disclosed by the record and the docket entries, were a certificate from the register of conveyances, showing that a copy of the act of sale, under Act No. 82 of 1884, to D. Negrotto had been registered, and two ex parte affidavits, one showing that the assessors had erred in the description of the property sold, and the other, by plaintiff himself, that he and his authors had had possession of the property involved for an

indefinite time. The plaintiff and the curator ad hoc failed to inform the trial court that we had decided that the title sued upon was null and void.

The conveyance certificate did not prove title in plaintiff, or in any one else. The two ex parte affidavits were incompetent to prove title; and they did not even cover the matter of title in their scope. They contain the parol statements of the witnesses, and cannot be used to establish title to real estate. They should have been objected to on the ground of incompetency by the curator ad hoc, and the objection would have been sustained. Had the title under Act No. 82 of 1884 been produced and filed, the district judge would have seen, as we had, in 123 La. 1, 48 South. 563, that that title did not refer to the property claimed in plaintiff's petition.

The plaintiff and the curator ad hoc appear to have proceeded upon the theory that the former owner of the property, Charles Satchell, being a negro, left no heirs, or that the latter, if found, could not prove their legitimacy, and could not therefore have inherited. In this assumption they have erred, for Mrs. Elizabeth S. Morris, appellant, has, in a proper proceeding now before us, proved her heirship to Charles Satchell and his wife.

There are other grounds urged for the reversal of the judgment which are unnecessary to be considered.

Shortly after the transfer by H. F. Lewis & Co., Limited, to Mr. Brock was registered in the conveyance office, Mrs. Morris, in ignorance of the suit of Mr. Brock to have his tax title confirmed, sued Mr. Brock (No. 91,258 on the docket of the civil district court) to be recognized as the owner of the property, and to have the recorded titles of Mr. Brock canceled from the records of that office. When she later learned of the suit of Mr. Brock to confirm title, she sued for the annulment of the judgment in that case on the same grounds as have been here considered on her assignment of errors. These suits have been consolidated, and there is judgment in favor of Mrs. Morris, from which Mr. Brock prosecutes this appeal.

For the reasons heretofore given, this judgment will be affirmed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by adding thereto:

It is further ordered, adjudged, and decreed that the judgment rendered November 22, 1909, and signed November 29, 1909, in suit No. 91,258 on the docket of the civil district court, in Richard Brock v. Charles Satchell or former owners, be annulled, avoided, and reversed; and that plaintiff's suit be dismissed at his cost; and, as thus amended, said judgment in the consolidated cases be affirmed.